FILED - MQ
July 8, 2026 12:06 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mlc SCANNED BY: ___

**2:26-cv-152**
Jane M. Beckering - U.S. District Judge
Maarten Vermaat - Magistrate Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Ray J. Foster, Pro Se,** | Case No. |
| Plaintiff, | **COMPLAINT FOR** |
| and | **VIOLATION OF** |
| **Judge Thomas D. Slagle** | **FEDERAL PREEMPTION** |
| Defendant. | **Jury Trial**  X |

## COMPLAINT

Judge Slagel has knowingly and willfully disobeyed the Supremacy Clause by the violation of the federal statutes that establish the complete preemption of state jurisdiction as intended by Congress to protect me by enforceable rights.

Even though I repeatedly challenged his presumption of jurisdiction on the subject matter of Combat Related Special Compensation (CRSC), he never did anything to prove jurisdiction on the record. He just kept breaking federal law to cause me harm and hardship.

Veterans and retirees like myself are constantly being dragged back into court by the frivolous litigation over military retired pay and veteran benefits. This perpetual violation of rights is causing thousands of my fellow veterans to die by suicide every year.

1

# I.  FEDERAL QUESTIONS

1)      Are state judges bound by the Uniformed Services Former Spouses' Protection Act (USFSPA) Pub. Law 97-252 (1982) pursuant to Article I § 8 of the Constitution, thereby REQUIRED to OBEY the precise definition of "disposable retired pay" expressed in the plain text of positive law 10 U.S.C. § 1408(a)(4)?

2)      Are state judges bound by the complete preemption of state jurisdiction where Congress has occupied the field of military retired pay and decided that the subject matter of Combat Related Special Compensation (CRSC) is separate and distinct from military retired pay (10 USC 1413a(g)?

3)      Are state judges bound by the Veterans Judicial Review Act (VJRA) Pub. Law 100-687 (1988) pursuant to Article I § 8 of the Constitution, thereby REQUIRED to OBEY the Complete Federal Preemption expressed in the plain text of positive law 38 U.S.C. § 511?

4)      Is the Defendant Judge Slagel personally liable in his Individual Capacity for the perpetual violation of my RIGHTS in the complete absence of jurisdiction on the subject matter of Combat Related Special Compensation and other federal disability benefits?

2

## II.  PARTIES

**Plaintiff:**

**Ray J. Foster, Pro Se,**

1780 Blue Creek Road

La Vernia, TX 78121

719-510-3401

rayjfoster@yahoo.com

**Defendant:**

**Judge Thomas D. Slagle**          ☒ **Individual Capacity**

41st Circuit Court

705 S. Stephenson St.

Iron Mountain, MI 49801

(906) 774-2266 and/or (906) 774-1555

## III.  JURISDICTION AND VENUE

Federal Question Jurisdiction under 28 U.S.C. § 1331 is established by presentation of questions based exclusively on the Constitution and Laws of the United States and by the **Complete Federal Preemption** expressed and implied by the plain and precise language of Positive Law Title 10 and Positive Law Title 38 pursuant to Article I § 8 of the Constitution.

See *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) et al. ("Complete preemption" is an "independent corollary" to the "well-pleaded complaint rule," and that makes "the plaintiff the master of the claim." Id. *At* 393.) The statutes presented below prove that the subject matters of Title 10 and Title 38 have ALWAYS been exempt from state jurisdiction.

3

The Federal Questions presented above are well within the jurisdiction of this Court, and under *Cohens v. Virginia,* 19 U.S. 264 (1821), any Court presented with valid questions of law on the face of the Complaint must answer the questions directly whether they like it or not.

> "We have no more right to decline the exercise of jurisdiction which is given than to usurp that which is not given. The one or the other would be treason to the Constitution. ***Questions may occur which we would gladly avoid, but we cannot avoid them.*** All we can do is to exercise our best judgment and conscientiously to perform our duty." *Cohens* at 404. (emphasis added)

Venue under 28 U.S. Code § 1391(b)(2) and (c) is proper because the violation occurred within the territorial jurisdiction of this Court and the Defendant is here as well.

## Question of Judicial Immunity

It is well settled law that judges have "absolute" immunity for actions and orders **within** the scope of jurisdiction that belongs to the court in which they preside, **thus it is equally well established law that they have NO Immunity when they cross the line of preemption into the federal area where they have absolutely NO possibility of jurisdiction on the subject matter of the rights they have violated.** See *Bradley v. Fisher,* 80 U.S. 335,336 (1871); *Stump v. Sparkman,* 435 U.S. 349 (1978), et. al.

## IV.  FEDERAL RIGHTS VIOLATED

According to the Supremacy Clause in Article VI of the Constitution, judges in every state are bound by federal laws enacted by Congress pursuant to the Constitution.

According to positive law 1 U.S.C. §  204, the plain text of statutes in positive law Titles "shall be legal evidence of the laws therein contained" which means that state courts are required to take them literally at face value as proof of the supreme law of the land.

The rights established by the statutes below are not subject to question by state courts.

4

**Positive Law 10 U.S.C. § 1408** establishes my enforceable RIGHT to protection from semantic fraud designed to circumvent the clear preemption of state jurisdiction expressed and implied by federal positive law pursuant to the Constitution.

According to *Mansell v. Mansell*, 490 U.S. 581 (1989), state courts have NO Jurisdiction to disobey the definition of "disposable retired pay" by writing any kind of "indemnification language" into divorce papers. See also *Howell v. Howell*, 581 U.S. ___ (2017).

10 U.S.C. § 1408(a)(4)

  (A)    The term "disposable retired pay" means the total monthly retired pay to which a member is entitled less amounts which—

      (i)    are owed by that member to the United States for previous overpayments of retired pay and for recoupments required by law resulting from entitlement to retired pay;

     (ii)    are deducted from the retired pay of such member as a result of forfeitures of retired pay ordered by a court-martial or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38;

    (iii)    in the case of a member entitled to retired pay under chapter 61 of this title, are equal to the amount of retired pay of the member under that chapter computed using the percentage of the member's disability on the date when the member was retired (or the date on which the member's name was placed on the temporary disability retired list); or

    (iv)    are deducted because of an election under chapter 73 of this title to provide an annuity to a spouse or former spouse to whom payment of a portion of such member's retired pay is being made pursuant to a court order under this section.

In *Mansell* (supra), the Court pointed out that the USFSPA did NOT cancel the federal preemption described in *McCarty v. McCarty*, 453 U.S. 210 (1981). The whole idea of canceling preemption was rejected after it was discussed in both House and Senate committees.

> "We realize that reading the statute literally may inflict economic harm on many former spouses. But we decline to misread the statute in order to reach a sympathetic result when such a reading requires us to do violence to the plain language of the statute and to ignore much of the legislative history. Congress chose the language that requires us to decide as we do, and Congress is free to change it." *Mansell v. Mansell,* 490 U.S. 581 at 594 (1989).

**Positive Law 10 U.S.C. §1413a(g)** establishes my enforceable RIGHT to protection from the extraction of money from CRSC because it is "not retired pay" which means that it cannot be touched by any kind of distribution order by any state court either for support orders or property.

> 10 U.S. Code § 1413a
>> (e) Combat-Related Disability.—In this section, the term "combat-related disability" means a disability that is compensable under the laws administered by the Secretary of Veterans Affairs and that— ...
>>> (2) was incurred (as determined under criteria prescribed by the Secretary of Defense)—
>>>> (A) as a direct result of armed conflict; ...
>> (f) Coordination With Concurrent Receipt Provision.—
>> Subsection (d) of section 1414 of this title provides for coordination between benefits under that section and under this section.
>> (g) Status of Payments.—
>> **Payments under this section are not retired pay.**

In the early 2000s, Congress decided to improve the military retirement system by creating both Combat Related Special Compensation (CRSC) under §1413a and Concurrent Retired and Disability Pay (CRDP) under § 1414 of Title 10. Congress decided that CRSC is for the combat disabled retiree alone, but CRDP is for the retiree as well as the former spouses and children.

CRSC is not part of "disposable retired pay," so it cannot be touched by state courts.

According to 10 U.S. Code § 1413a (f) and 10 U.S. Code § 1414 (d)(1), longevity retirees with combat disability can have either CRSC or CRDP, but cannot have both.

> 10 U.S. Code § 1414
>> (d) Coordination With Combat-Related Special Compensation Program.—
>>> (1) In general.—
>>>> A person who is a qualified retiree under this section and is also an eligible combat-related disabled uniformed services retiree under section 1413a of this title may receive special compensation in accordance with that section or retired pay in accordance with this section, **but not both.**

The state court has NO jurisdiction to control the decision on which one the retiree gets.

6

**Positive Law 38 U.S.C. § 511** establishes my enforceable RIGHT to protection from the state violation of 38 U.S.C. §5301 by making it absolutely clear that states have NO possibility of jurisdiction to touch VA benefit payments for any reason.

38 U.S.C. § 511
   "(a)**The Secretary shall decide all questions of law and fact** necessary to a decision by the Secretary under a law **that affects the provision of benefits** by the Secretary **to veterans or the dependents or survivors of veterans.** Subject to subsection (b), **the decision** of the Secretary as to any such question **shall be final and conclusive and may not be reviewed by any other official or by any court,** whether by an action in the nature of mandamus or otherwise." (emphasis added)

The plain text of §511 is legal PROOF of Congressional Intent to protect beneficiaries from any kind of harm or hardship by any state or federal review *or interpretation* of the law or facts that affect VA decisions. The Subject Matter Jurisdiction has NEVER been assigned to the states and ONLY certain federal courts hold jurisdiction to review the appeals on claims denied by VA.

Section 511 makes it clear that the VA Secretary holds exclusive and permanent jurisdiction on EVERY question of LAW and FACT that **affects** how benefits are provided, **including how the benefits could be distributed between veterans and their dependents.**

The Veterans Judicial Review Act (VJRA) Pub. Law 100-687 (1988) is legal evidence of Congressional Intent to occupy the entire field of jurisdiction on Title 38 by the exercise of Constitutional Powers listed in Article I § 8, clauses 1, 9, 11, 12, 13, 14, 15, 17 and 18.

When the VJRA closed the loopholes in 38 U.S.C. § 211 corresponding exactly to the ruling on § 211 in *Rose v Rose,* 481 U.S. 619 (1987), it closed EVERY other loophole created by *Rose.*

**Exhibit "A"** shows the precise language of  38 U.S.C. § 211 at the time of *Rose v. Rose*.

**Exhibit "B"** shows how the *Rose* decision is based primarily on the loopholes in § 211.

**Exhibit "C"** shows the amendment of § 211 which permanently closed those loopholes.

**Exhibit "D"** shows § 211 after the VJRA eliminating the possibility of state jurisdiction.

7

**Positive Law 38 U.S.C. § 5301** establishes my enforceable RIGHT to protection from the extraction of money by attachment, seizure, contempt or jail, even for alimony or child support.

38 U.S.C. § 5301(a)(1)
"Payments of benefits due or to become due under any law administered by the Secretary **shall not be assignable** except to the extent specifically authorized by law, and **such payments** made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and **shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."** (emphasis added)

The plain text of §5301 is PROOF of Congressional Intent to protect all VA beneficiaries, regardless of whether they are military retirees or not.

**The plain text of 42 U.S.C. § 405** establishes my enforceable RIGHT to protection from the extraction of money from my Social Security Disability (SSDI) benefits by making it clear that subject matter jurisdiction is assigned to federal authorities and courts exclusively, thereby withheld from state courts entirely.

**The plain text of 42 U.S.C. § 407(a)(cl. 1)** establishes my enforceable RIGHT to protection from any kind of transfer or assignment of my rights "at law or in equity" because §405 has eliminated the most remote possibility of state jurisdiction to make or enforce any kind of order, settlement agreement or state law that would extract any money from these benefits.

Section 659 of Title 42 refers to § 407 as if to cancel that individual right to protection, but §659 has absolutely NO Effect on the complete preemption of state jurisdiction.

**The Americans with Disabilities Act (ADA)** Pub. Law 101-336 (1990) as it is amended and currently found in Chapter 126 of Title 42 (42 U.S.C. §§ 12101- 12213), establishes my right to protection from discrimination related to the legally established FACT of my disability.

8

**The Health Insurance Portability and Accountability Act** (HIPAA) Pub. L. 104–191 (1996) as amended and found primarily in 45 C.F.R. Part 160 and Part 164, establishes my right to the protection from the public disclosure of my medical information while I am interacting with state courts and/or jails.

Since plain text of 38 U.S.C. § 511 and 42 U.S.C. § 405 make is absolutely clear that the subject matter of "Disability" cannot be questioned in or by state courts, my individual right to the privacy of medical information is also protected by complete federal preemption.

**The Fourteenth Amendment to the Constitution** reaffirms my Constitutional RIGHT to enforce all of the rights, privileges and immunities listed above.

Section 1983 of Title 42 establishes my remedy under the Fourteenth Amendment by right to the federal enforcement of the RIGHTS listed above. We call that "Due Process of Law."

**The Supremacy Clause** in Article VI of the Constitution establishes my Right to protection from the misconduct of state judges like the Defendant who knowingly and willfully disobey the specific laws that are in place to protect our whole nation by protecting individuals like me.

The Supremacy Clause automatically binds state judges to federal preemption and the Fourteenth Amendment binds all of the state legislatures and courts to the protection of RIGHTS that are secured by the Constitution and Laws of the United States.

**According to Article I § 8 of the Constitution,** the entire subject matter of the military retired pay system, the entire subject matter of the veteran benefit system, and the entire subject matter of the social security disability insurance benefit system, has been assigned exclusively to the federal authorities and Courts that are specified by law.

# V.   STATEMENT OF THE CASE

From 2008 up to present day, the Defendant Judge Slagel pretended that his jurisdiction under state law would somehow give him jurisdiction to ignore the clear and unmistakable preemption of state jurisdiction that is expressed and implied by the federal laws that are intended to protect my individual rights and my disability benefits.

I have continuously challenged his actions for lack of jurisdiction on the federal subject matter of the military retired pay system and especially on CRSC.

Even though he is 100% fully aware of the indisputable FACT that federal law gives me an exclusive RIGHT to my CRSC, he has taken further action to deprive me of this right and to deprive me of my liberty in retaliation for claiming this right.

In June of 2014, he put me in jail to extract money from my CRSC, which he has NEVER had jurisdiction to touch. As a direct result of that illegal incarceration, he extracted thousands of dollars from my benefits by the violation of federal preemption.

I have lost more money and time fighting to protect my rights than anyone else I know of. This has damaged my family far more that I can describe in this Complaint, but all of this could have been prevented if Judge Slagel would have bothered to obey federal preemption.

Every one of the laws cited above is binding on him as the supreme law of the land and each one is literally proof of congressional power, purpose and intent to protect combat disabled veterans like myself from the extraction of money or the deprivation of liberty.

EVERYTHING Judge Slagel he has done to extract money from my federal benefits, from his very first action to the latest act of retaliation, has been a violation of federal preemption, therefore a violation of my federal rights by violation of the Supremacy Clause.

10

## VI.   RELIEF

1)        **Declaratory Judgment** confirming that CRSC, VA and SSDI benefits

are have ALWAYS been totally exempt from state jurisdiciton because,

under the Supremacy Clause, state judges are automatically bound by

federal law pursuant to the Constitution, thereby required to obey the

USFSPA definition of "disposable retired pay" as well as the complete

preemption expressed in both 38 U.S.C. § 511 and 42 U.S.C. §405.

2)        **Punitive Judgment** in an amount of not less than Five Million Dollars

($5,000,000.00) and any further relief to be determined by Jury Trial

holding Judge Slagel personally liable in his Individual Capacity for

nearly 20 years of systematically violating my federal rights

## VII.   CONCLUSION AND CERTIFICATION

Judge Slagel has NO excuse for the damage he has done in the complete absence of all possibility of jurisdiction on the subject matter of the rights he has violated.

No matter how broad the "general jurisdiction" a state court might have, is does not cancel the crystal clear preemption of state jurisdiction expressed in the words of the law and implied by the nature of federal law pursuant to the Constitution.

The preemption of state jurisdiction is the difference between actions taken "in excess of jurisdiction" and actions "in the complete absence of jurisdiction on the federal subject matter."

11

It is abundantly clear that CRSC, VA benefits and SSDI have NEVER been part of the

jurisdiction traditionally occupied by the states because they have ALWAYS been within the

constitutional powers of Congress and exclusively assigned to federal authorities.

**"The Government of the Union, though limited in its powers, is supreme within its sphere of action, and its laws, when made in pursuance of the Constitution, form the supreme law of the land."** *McCulloch v. Maryland,* 17 U.S. 316 (1819).

Where Congress has exercised Constitutional Power to occupy the field of jurisdiction on

these federal matters of law, the state has NO Power to cross that line of federal preemption.

"[It] is Congress rather than the courts that preempts state law." *Chamber of Commerce v. Whiting,* 563 U.S. 582 (2011) quoting Justice Kennedy from *Gade v. National Solid Wastes Management Assn.,* 505 U. S. 88, 111 (1992).

In *Mansell,* the Court found that Congress rejected the idea of canceling federal preemption

while deciding how the USFSPA would affect *McCarty v. McCarty*, 453 U.S. 210 (1981).

**"We realize that reading the statute literally may inflict economic harm on many former spouses. But we decline to misread the statute in order to reach a sympathetic result when such a reading requires us to do violence to the plain language of the statute and to ignore much of the legislative history. Congress chose the language that requires us to decide as we do, and Congress is free to change it."** *Mansell v. Mansell,* 490 U.S. 581 at 594 (1989).

The plain text of the USFSPA controls what states are allowed to do, thereby eliminates the

possibility of making or enforcing "indemnification" by order or any kind of agreement.

'Neither can the State avoid Mansell by describing the family court order as an order requiring John to "reimburse" or to "indemnify" Sandra, rather than an order that divides property. The difference is semantic and nothing more.' *Howell v. Howell,* 581 U.S. ___ (2017) (emphasis added)

12

**Judge Slagel cannot hide behind *Rose v. Rose*, 481 U.S. 619 (1987)** because Congress amended 38 U.S.C. § 211 to eliminate the most remote possibility of state jurisdiction.

He has cost me thousands of dollars and years of my life by violating the USFSPA and VJRA. He has No Excuse for these acts of misconduct because he knows that current statutes hold precedent over court rulings on past versions of the same statutes.

Federal Preemption does not mean that I am exempt from divorce, alimony or child support. It means that the state has NO possibility of jurisdiction to touch these protected federal funds in the process of making any decisions under state law.

## CERTIFICATION

I hereby certify this Complaint is accurate and true to the best of my knowledge, information, and belief, per Federal Rule of Civil Procedure 11;

    (1) This Complaint is presented for clear and legitimate purpose, therefore is not to harass, cause unnecessary delay, or needlessly increase the cost of any litigation;

    (2) This Complaint is well supported by existing law and reasonable argument based on that law, therefore it is not frivolous and it is not intended to extend, modify, or reverse any existing law;

    (3) The factual contentions have evidentiary support and will very likely have more support after a reasonable opportunity for investigation and discovery; and

    (4) The Complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted by:

07 08 2026

Ray J. Foster, Pro Se,
1780 Blue Creek Road
La Vernia, TX 78121
719-510-3401
rayjfoster@yahoo.com

13